UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAREEMA HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-cv-00698 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 23) recommending dismissal of Plaintiff Kareema Hawkins' claims against Defendants United States of America, Attorney General Merrick Garland, and Assistant United States Attorneys Cecil VanDevender, Brent Adams Hannafan, Dedra Teufel Phillips, and James Matthew Blackburn under Federal Rule of Civil Procedure 4(m) because Hawkins failed to effect service of process. Hawkins, proceeding pro se, filed untimely objections to the R&R (Doc. No. 24) after *de novo* review, for the following reasons, the Court will overrule the objections and approve and adopt the R&R.

**BACKGROUND AND RECOMMENDED DISPOSITION**

Twenty-six months ago, Hawkins brought federal civil and criminal forfeiture claims against the Defendants. She seeks the return of real property that she alleges the United States wrongfully seized under a criminal forfeiture order. (Doc. Nos. 1, 14). To date, Hawkins has not served any of the Defendants in this action.

On August 14, 2023, Hawkins filed an amended complaint that identified the United States, VanDevender, Hannafan, Phillips, and Blackburn (but not Garland) as defendants in this action.

(Doc. No. 16 at 1–2). She also filed an additional notice (Doc. No. 17) indicating that she mailed the summons and copy of her complaint to VanDevender, Hannafan, Phillips, Blackburn, and Garland. (Doc. No. 17). She further declared under penalty of perjury that the notice and acknowledgement of receipt of summons and complaint were mailed by June 24, 2023. (Id. at 3.) However, no summonses or complaint were attached to the notice. (Id.).

On September 20, 2023, the Magistrate Judge issued a Show Cause Order because Hawkins failed to serve Defendants in compliance with Rule 4 as required by the Order. (Doc. No. 18 at 3–4). The Show Cause Order provided Hawkins with a final opportunity to effect service and instructed her to request summonses from the Clerk of Court for each defendant by October 4, 2023, and effect service by December 5, 2023. (Doc. No. 18). On October 3, 2023, Hawkins filed summonses, proof of service affidavits and waiver of the service summons forms. (Doc. No. 19.) But instead of properly effecting service by December 5, 2023, Hawkins moved for default (Doc. No. 20) and default judgment (Doc. No. 21) against the defendants. The Clerk denied the motion because none of the defendants had been served. (Doc. No. 22).

On May 6, 2024, the Magistrate Judge issued the R&R recommending that the Court dismiss this action under Rule 4(m) because Hawkins failed to effect service within the required timeframe. (Doc. No. 23). The Magistrate Judge repeated that the summonses Hawkins filed on October 3, 2024, (see Doc. No. 19), did not comply with Rule 4 because they did not include the Clerk's signature or the Court's seal. (Id. at 8). Furthermore, the Magistrate Judge considered whether an additional extension to serve the defendants should be granted but found that it should not. (Id. at 8-10).

After the Magistrate Judge issued the R&R, Hawkins filed her objections to the R&R on May 30, 2024. (Doc. No. 24). Hawkins also filed a duplicate of her first complaint (Doc. No. 25)

along with five summonses (id. at 7,11,15,19, 22) and five waiver of summons forms (id. at 8, 12, 16, 20, 24).

**HAWKINS' OBJECTIONS**

Hawkins' objections to the R&R are improper for two reasons.

First, the objections are untimely. Federal Rule of Civil Procedure 72(b)(2) requires that objections to an R&R must be filed within 14 days after the party is served with the R&R. Instead of filing her objections within fourteen days on May 24, 2024,[1] Hawkins filed her objection six days late—on May 30, 2024, without any explanation for the late filing. The Court could accept and approve the R&R for that reason alone. This is because a litigants failure to timely file objections negates the right to appeal for an R&R. See Bosley v. 21 WFMJ Television, Inc., 245 F. App'x 445, 450 (6th Cir. 2007) (plaintiff's failure to timely object to a magistrate judge's report and recommendation operates as a waiver of that party's right to appeal).

Second, even if the Court considered Hawkins' objections, the Court would adopt and approve the R&R. "[T]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Objections must be specific, so that the district court can focus its attention on issues "that were dispositive and contentious" to serve judicial efficiency. Howard v. Sec'y Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). "[A]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." J.A. v. Smith Cty.

---

[1] Hawkins received an additional three days to provide her objections because she was served by mail. See Fed. R. Civ. P. 6(d).

School Dist., 364 F. Supp. 3d 803, 812 (M.D. Tenn. 2019). Hawkins objections do not satisfy the specificity requirement for *de novo* review of the R&R.

Hawkins' argument that she served the Defendants is at best a rehash of her previous argument that is no responsive to the R&R. Her other arguments are not tied to the R&R. She relies on actions she took prior to the Show Cause Order that are not in the R&R. The October 3, 2023, summonses (Doc. No. 19), were not signed or issued by the Clerk and did not have the Court's seal, so they were legally defective. See Fed. R. Civ. P. 4(a), (b) (a summons must be signed, sealed, and issued by the Clerk); United States v. Nat'l Muffler Mfg., Inc., 125 F.R.D. 453, 455 (N.D. Ohio 1989) (Rule 4(b) is "designed to assure a defendant that the summons was issued by the clerk of court and not by plaintiff. . ."). Likewise, proof of service affidavit for the October 6, 2022, summons is incomplete as it is not signed by a server as required by Rule 4(l). See Rule 4(l). So, the Magistrate Judge correctly found that the summons was not effective. Hawkins' citation to a summons she signed after the R&R was issued, (Doc. No. 24 at 3–5), is irrelevant. Then, Hawkins spends pages discussing the merits of her underlying claims. (Doc. No. 24 at 8–15), which is irrelevant because the R&R did not address the merits of her claims. (See Doc. No. 23). Likewise, Hawkins' argument for a motion for entry of default (Doc. No. 20) and motion for default judgment (Doc. No. 21) are not in the R&R. (Doc. No. 24 at 16).

The Court agrees with the R&R's conclusion to dismiss the complaint without prejudice.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE